IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3230 |
| | ) | |
| SHERIFF NEIL WILLIAMSON, | ) | |
| ENOS BRENTS, TERRY DURR, | ) | |
| WILLIAM STRAYER, SCOTT | ) | |
| LOFTUS, CHRIS DOETSCH, | ) | |
| THOMAS PIPKIN, BRENT FERRO, | ) | |
| GREGORY CLEMONDS, BRYANT | ) | |
| CAREY, TODD KUERGER, and | ) | |
| ROB BEROLA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff, proceeding pro se and currently detained in the Sangamon County Jail ("Jail"), has filed this action alleging retaliation and other claims against Jail administrators and employees. The case is before the Court for a merit review pursuant to 28 U.S.C. § 1915A.

## Legal Standard

The Court is required by 28 U.S.C. § 1915A to review a Complaint filed by

a prisoner against a governmental entity or officer and, through such process, to identify cognizable claims, dismissing claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted . . . ."  A hearing is held if necessary to assist the Court in this review, but, in this case, the Court concludes that a hearing would not help clarify the claims.

The review standard under 28 U.S.C. § 1915A is the same as the notice pleading standard under Federal Rule of Civil Procedure 12(b)(6).  Zimmerman v. Tribble, 226 F.3d 568, 571 (7th Cir. 2000).  To state a claim, the allegations must set forth a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Factual allegations must give enough detail to give "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  EEOC v. Concentra Health Serv., Inc., 496 F.3d 773, 776 (7th Cir. 2007), *quoting* Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007)(other quoted cite omitted).  The factual  "allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a 'speculative level' . . . ."  Id., *quoting* Bell Atlantic, 550 U.S. at 555.   "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged . . . .  Threadbare recitals of the elements of a cause of action, supported by mere conclusory

statements, do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009), *citing* Bell Atlantic, 550 U.S. at 555-56. However, pro se pleadings are liberally construed when applying this standard. Bridges v. Gilbert, 557 F.3d 541, 546 (7th Cir. 2009).

### Allegations

Plaintiff alleges in general that he has suffered cruel and unusual treatment since his detention at the Jail began in April 2011. In particular, he alleges that, on April 29th, Defendant Doetsch placed Plaintiff in a DUI observation cell for more than 10 hours with "no mattress/blanket/or toliet [sic] tissue or nothing." Plaintiff believes that Doetsch did this to punish him. Though not clear, Plaintiff seems to allege that this "occurred from April until 5-25-11 every other day."

Plaintiff also alleges that, in May 2011, Defendant Carey deliberately humiliated him by parading him around the booking area, making degrading comments, and directing him to strip down and bend over several times, apparently in front of other inmates and correctional officers, while Carey taunted Plaintiff by calling him "little dick Larry." Carey also allegedly took Plaintiff's writing materials to prevent Plaintiff from writing to his family about the alleged abuses.

Plaintiff further alleges that Defendant Scott Loftus put Plaintiff in a "high risk uniform" and restraint chair in retaliation for Plaintiff's grievances and

complaints. Plaintiff was allegedly forced to stay in the restraint chair for nine hours with no bathroom or exercise break. Loftus also allegedly falsely represented to administrators that Plaintiff had agreed to 20 days of segregation in return for dropping his grievances.

Plaintiff next alleges that Defendant Berola put a taser to Plaintiff's head and told Plaintiff he would kill him and his family. Lastly, Defendant Pipkin allegedly intentionally distributed the Plaintiff's mail to Plaintiff's cellmate to enable the cellmate to obtain the addresses and phone numbers of Plaintiff's family for the purpose of harassing them.

## Analysis

The Court assumes for purposes of this order that Plaintiff is a pretrial detainee, not an inmate serving his sentence. A pretrial detainee's claim falls under the due process clause of the Fourteenth Amendment rather than under the Eighth Amendment. Grieveson v. Anderson, 538 F.3d 763, 772 (7th Cir. 2008). However, "there is little practical difference between the two standards." Weiss v. Cooley, 230 F.2d 1027, 1032 (7th Cir. 2000).

The Court concludes that Plaintiff states a First Amendment claim for retaliation for filing grievances and otherwise exercising his First Amendment right to complain about the Jail's conditions. "The federal courts have long recognized a

prisoner's right to seek administrative or judicial remedy of conditions of confinement, . . . as well as the right to be free from retaliation for exercising this right." Babcock v. White, 102 F.3d 267, 276 (7th Cir. 1996)(citations omitted). While some of the alleged adverse actions might not rise to constitutional violations on their own, acts which are constitutional become unconstitutional if done in retaliation for the exercise of a constitutionally protected right. *See* DeWalt v. Carter, 224 F.3d 607, 618 (7th Cir. 1999)(citations omitted). Plaintiff has a protected right under the First Amendment to file grievances and to speak about the conditions of his confinement. Dobbey v. IDOC, 574 F.3d 443, 446 (7th Cir. 2009)(regardless whether inmate's grievance was a "personal gripe," inmate's speaking out on issue was a protected First Amendment activity); DeWalt, 224 F.3d at 618 ("[A] prison official may not retaliate against a prisoner because that prisoner filed a grievance."). Plaintiff's retaliation claim will therefore proceed.

Additionally, some of the alleged adverse actions might independently violate Plaintiff's constitutional rights, in addition to being part of the retaliation claim. For example, the alleged humiliating "parade" and strip search state a plausible claim, as does the claim about being restrained in a chair for nine hours with no break. *See* Calhoun v. DeTella, 319 F.3d 936, 939 (7th Cir. 2003)(strip search conducted in harassing manner intended to humiliate and inflict

psychological pain stated claim).  At this point there is not enough information to conclude whether the allegations regarding the DUI cell, Berola's threat, or the dissemination of the addresses and phone numbers of Plaintiff's family to inmates rise to the level of independent constitutional violations.  A more developed record will illuminate the inquiry, and, in any event, the allegations seem to be part of the overall retaliation claim that is proceeding.

All of the defendants will remain in at this time, though it is difficult to discern how some of them bear personal responsibility for the alleged constitutional violations.  *See* Johnson v. Snyder, 444 F.3d 579, 583-84 (7th Cir.2006)(liability under § 1983 requires personal involvement).  For example, Defendant Williamson, the Sheriff, cannot be liable under 42 U.S.C. § 1983 for the constitutional violations of his employees solely because he is in charge.  Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  To be held liable, Williamson must have participated in, directed, approved of, or turned a blind eye to the adverse actions.  Jones v. City of Chicago, 856 F.2d 985, 992-93 (7th Cir. 1988).  Similarly, it is difficult to tell how Defendants Brents,[1] Ferro, or Kuerger were involved in the alleged

---

[1] This defendant's name is spelled "Brent" in the docket, but it appears from the attachments to the Complaint that "Brents" is the correct spelling.

constitutional violations. However, in this Court's opinion, determinations of personal responsibility better await a more developed factual record, particularly in light of the liberal construction afforded pro se pleadings.

IT IS THEREFORE ORDERED:

1) Pursuant to the Court's merit review of the Complaint under 28 U.S.C. § 1915A, the Court finds that Plaintiff states the following federal constitutional claims:

   a) First Amendment claim of retaliation for Plaintiff's exercise of his First Amendment rights; and,

   b) Fourteenth Amendment due process claims based on the conditions of confinement at the Jail, the alleged humiliating strip search, the alleged nine-hour placement in a restraint chair without breaks, the alleged threats against Plaintiff, and the alleged intentional dissemination of the addresses and phone numbers of Plaintiff's family to other inmates.

2) At this point, the case proceeds solely on the federal claims identified in paragraph one above. *See* CDIL-LR 16.3(C)("At any time a Case Management Order is issued by the court defining the remaining claims in the case, the case will proceed solely on those claims . . . except in the Court's discretion on motion by a party for good cause shown, or pursuant to Federal Rule of Civil Procedure 15.").

3) This case is referred to the Magistrate Judge for entry of a Prisoner Scheduling Order directing service and setting a Rule 16 conference.

4) Defendants shall file an answer within the time prescribed by Local Rule. A motion to dismiss is not an answer. The answer should include all defenses appropriate under the Federal Rules. The answer and subsequent pleadings shall be to the issues and claims stated in this Case Management Order.

5) The merit review scheduled for August 29, 2011, is cancelled as unnecessary.

ENTERED: July 27, 2011

FOR THE COURT:

                                             s/Sue E. Myerscough
                                             SUE E. MYERSCOUGH
                                             UNITED STATES DISTRICT JUDGE