# IN THE UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
# SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. HOLMES | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3230 |
| | ) | |
| SHERIFF NEIL WILLIAMSON, | ) | |
| ENOS BRENTS, TERRY DURR, | ) | |
| WILLIAM STRAYER, SCOTT | ) | |
| LOFTUS, CHRIS DOETSCH, | ) | |
| THOMAS PIPKIN, BRENT FERRO, | ) | |
| GREGORY CLEMONDS, BRYANT | ) | |
| CAREY, TODD KUERGER, and | ) | |
| ROB BEROLA, | ) | |
| | ) | |
| Defendants, | ) | |
| | ) | |

## **OPINION**

SUE E. MYERSCOUGH, U.S. District Judge:

On July 27, 2011, the Court conducted a merit review of Plaintiff's Complaint and concluded that he stated a First Amendment claim of retaliation as well as a due process claim based on various alleged incidents and conditions of confinement at the Sangamon County Jail. This case is currently in the process of service.

On August 4, 2011, Plaintiff filed what he titles an exhibit to his Complaint.

(d/e 20). This pleading was docketed as a motion for leave to file an amended complaint because the exhibit contains supplemental allegations of retaliation against some current defendants. The exhibit also asserts a new claim of excessive force and retaliation against a new defendant, Sergeant Bill Smith. Smith allegedly slammed Plaintiff's face against the wall twice and punched him in the ribs several times, allegedly in retaliation for Plaintiff's First Amendment activities.

Plaintiff states a plausible claim against Bill Smith for excessive force and retaliation. Smith will accordingly be added as a defendant. The Court notes, however, that Plaintiff states no claim regarding the opening of his legal mail from the clerk. Court mail generally may be opened outside an inmate's presence because court mail is a public document and does not convey confidential information. Guarjardo-Palma v. Martinson, 622 F.3d 801, 806 (7th Cir. 2010)(opening of letters from courts and agencies outside of the plaintiff's presence did not state constitutional claim). No plausible inference arises that the mail from the clerk contained any sensitive, non-public information. Further, even if the mail were confidential legal mail, one instance of opening it outside of Plaintiff's presence is insufficient to make out a constitutional claim. Id.

Typically the Court requires a Plaintiff seeking to amend his Complaint to file an amended complaint that completely replaces the original complaint. In this

instance, though, requiring an amended complaint will only unnecessarily delay the case. Plaintiff's new allegations are concise enough, and the case is still in the process of service.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to amend his Complaint is granted (d/e 20).

2) The clerk is directed to add Bill Smith as a defendant. The clerk is further directed to send a waiver of service to Defendant Smith, along with a copy of this Complaint, Plaintiff's motion to amend, and this order. The scheduling conference remains set for November 7, 2011 at 9:30 a.m..

ENTERED: August 24, 2011

FOR THE COURT:

                                 s/Sue E. Myerscough
                                   SUE E. MYERSCOUGH
                                 UNITED STATES DISTRICT JUDGE