**E-FILED**
Monday, 17 December, 2012  09:59:02 AM
Clerk, U.S. District Court, ILCD

UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| LARRY M. HOLMES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 11-CV-3230 |
| | ) | |
| NEIL WILLIAMSON, | ) | |
| ENOS BRENTS, | ) | |
| TERRY DURR, | ) | |
| WILLIAM STRAYER, | ) | |
| SCOTT LOFTUS, | ) | |
| CHRIS DOETSCH | ) | |
| THOMAS PIPKIN, | ) | |
| BRENT FERRO, | ) | |
| GREGORY CLEMONDS, | ) | |
| BRYANT CAREY, | ) | |
| TODD KUERGER, | ) | |
| ROB BEROLA, | ) | |
| BILL SMITH, | ) | |
| JOHN KIRBY, | ) | |
| TODD GUY, | ) | |
| ALEX GILLESPIE, | ) | |
| | ) | |
| Defendants. | ) | |

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

Plaintiff filed this case pro se alleging claims of retaliation and excessive

force, and inhumane conditions of confinement based on incidents at the

Sangamon County Jail.  Discovery closed in May 2012.

1

The supervisory Defendants— Defendants Williamson, Brents, Durr and Strayer—have filed a motion for summary judgment.  The supervisory Defendants argue that Plaintiff has no evidence that they were personally involved in any of the alleged constitutional violations.  Plaintiff retained counsel after the summary judgment motion was filed, and Plaintiff's counsel has filed a response.

After careful consideration of the motion for summary judgment, the Court concludes that Plaintiff has not pointed to admissible evidence which might allow a rational juror to conclude that Defendants Williamson, Brents, Durr, and Strayer were personally responsible for the alleged constitutional violations.  Accordingly, the motion for summary judgment must be granted.

## SUMMARY JUDGMENT STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).   A movant may demonstrate the absence of a material dispute through specific cites to admissible evidence, or by showing that the nonmovant "cannot produce admissible evidence to support the [material] fact."  Fed. R. Civ. P. 56(c)(B).  If the movant clears this hurdle, the nonmovant may not simply rest on his or her allegations in the complaint, but instead must point to admissible evidence in the record to show that a genuine dispute exists.

2

Id.; Harvey v. Town of Merrillville, 649 F.3d 526, 529 (7th Cir. 2011).  "In a §
1983 case, the plaintiff bears the burden of proof on the constitutional deprivation
that underlies the claim, and thus must come forward with sufficient evidence to
create genuine issues of material fact to avoid summary judgment."  McAllister v.
Price, 615 F.3d 877, 881 (7th Cir. 2010).

At the summary judgment stage, evidence is viewed in the light most
favorable to the nonmovant, with material factual disputes resolved in the
nonmovant's favor.  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).  A
genuine dispute of material fact exists when a reasonable juror could find for the
nonmovant.  Id.

## FACTS

Pursuant to the Court's prior orders, this case proceeds on the following
claims:

a) First Amendment claim of retaliation against Plaintiff for Plaintiff's
exercise of his First Amendment rights;

b)  Fourteenth Amendment due process claims based on the conditions of
confinement at the Jail, the alleged humiliating strip search, the alleged nine-hour
placement in a restraint chair without breaks, the alleged threats against Plaintiff,
and the alleged intentional dissemination of the addresses and phone numbers of
Plaintiff's family to other inmates; and,

c) Claim against Defendant Bill Smith that he used excessive force against
Plaintiff in retaliation for Plaintiff's First Amendment activities.

3

(Court's 7/28/11 merit review order, p. 7; Court's 8/24/11 order granting Plaintiff's motion to amend, p. 2).

Plaintiff's response to the motion for summary judgment does not address Defendants' proposed undisputed facts.  Accordingly, Defendants' proposed facts are accepted as true for purposes of this order, to the extent supported by Defendants' references to the record.  Local Rule 7.1(D)(2)(b)(6) states that "[a] failure to respond to any numbered fact will be deemed an admission of the fact." Rule 7.1(D) does not apply to pro se litigants, but counsel filed an appearance for Plaintiff after the summary judgment motion was filed and also filed Plaintiff's response to the motion.  Accordingly, Rule 7.1(D) applies.  The Court accepts Defendants' undisputed facts as true, but takes them in the light most favorable to Plaintiff.  Yancick v. Hanna Steel Corp.  653 F.3d 532, 543 (7th Cir. 2011).  The Court has not reviewed Plaintiff's entire deposition in search of support for Plaintiff's claims.  The Court has only reviewed those pages referenced by Defendants.

Plaintiff testified in his deposition that he sued Defendant Williamson because Williamson controls the Sangamon County Jail and knew about Plaintiff's complaints:

> A:  The reason why I put [Williamson] in there because I was told like before that, he really like don't have nothing to really do with it, but

4

he like controls the jail, on most parts he controls the jail.  He knows
what goes on in this jail.  He knows everything about all my
situations.  I complained to him numerous times before, and he
basically turned his back on the whole logical facts.  And everything
that's happened, he turned his back on it.

Q: Okay.

A:  And he's letting it happen.  That's why.

(Plaintiff's Dep. p. 11, d/e 65-1).  Plaintiff testified that he filed grievances and
spoke personally to Williamson to no avail.

Plaintiff testified that he is suing Defendant Brents, an internal investigator,
for not investigating Plaintiff's complaints and "not doing his job."  (Plaintiff's
Dep. pp. 15-16).

As to Jail Warden Terry Durr, Plaintiff testified that Durr signed off on
Plaintiff's placement on "A block," the block for mentally ill inmates.  (Plaintiff's
Dep. pp. 17).  Plaintiff also testified that Durr "turned his back on me, and he let
them do what they wanted to do to me also as well."  (Plaintiff's Dep. pp. 18).

As to Defendant Bill Strayer, Plaintiff testified that Strayer is a Defendant
for the same reason Durr is a Defendant: "they're all like the same.  They're the
top."  (Plaintiff's Dep. pp. 19).

## ANALYSIS

There is no respondeat superior liability for constitutional violations.

5

Chavez v. Illinois State Police, 251 F.3d 612, 651 (7th Cir. 2001)(no respondeat superior liability under § 1983).  That means that supervising officials are not liable for their subordinates' constitutional violations solely because those officials are in charge.  Supervisors are liable only if they, too, were personally responsible for the unconstitutional conduct, meaning they participated in, directed, condoned, or turned a blind eye to the constitutional violation.  Matthews v. City of East St. Louis, 675 F.3d 703, 708 (7th Cir. 2012)("To show personal involvement, the supervisor must 'know about the conduct and facilitate it, approve it, condone it, or turn a blind eye for fear of what they might see.'")(quoted cite omitted).

The cited portions of Plaintiff's depositions do not support an inference that Defendants Brents, Durr, Strayer, and Williamson were personally responsible for the alleged constitutional deprivations.  Plaintiff's case against these Defendants is essentially that Plaintiff informed these Defendants of his alleged mistreatment by Jail employees and these Defendants took no action.  But failing to find merit in Plaintiff's complaints is not a constitutional violation and does not allow an inference of personal responsibility.  See George v. Smith, 507 F.3d 605, 609-10 (7th Cir. 2007) ("Only persons who cause or participate in the violations are responsible. Ruling against a prisoner on an administrative complaint does not cause or contribute to the violation."); Soderbeck v. Burnett County, 752 F.2d 285,

6

293 (7th Cir. 1985)("Failure to take corrective action cannot in and of itself violate section 1983. Otherwise the action of an inferior officer would automatically be attributed up the line to his highest superior . . . .").

Plaintiff argues that a conspiracy existed to violate his rights and that his "facts show negligent indifference and intentional disregard by the defendants of cruel and abusive treatment of the prisoners by the Jail personnel . . . ."  (Plaintiff's Response, d/e 69, p. 2).  Plaintiff also asserts that the abuse was racially motivated because "[i]t is an undisputed fact that the majority of inmates of the Sangamon County Sheriffs Department are Negro.  It is an undisputed fact that the Plaintiff, by definition a Negro, was viciously beaten, which was allegedly video recorded, and subjected to torture, while incarcerated awaiting trial . . . ."  Id.   Plaintiff contends that "[t]he abuse of Negro prisoners awaiting trial is a *prevailing unwritten governmental custom and practice in Sangamon County."*  Id., p. 3 (emphasis in original).

Plaintiff cannot amend his complaint through his response to the summary judgment motion.  Anderson v. Donahoe, 699 F.3d 989, 997 (7th Cir. 2012)("[A] plaintiff 'may not amend his complaint through arguments in his brief in opposition to a motion for summary judgment.'")(quoted cite omitted).  The Complaint references no unspoken policy of racially-motivated abuse at the Jail.

7

Further, Plaintiff offers no evidence to support his allegations of a policy of racially-motivated abuse.

   Plaintiff points to no admissible evidence to suggest that Defendants Brents, Durr, Strayer or Williamson were personally responsible for the alleged constitutional violations or played any part in a conspiracy to deprive Plaintiff of his federal rights.  Plaintiff argues that Defendants are liable because they knew of the constitutional violations and allowed those violations to continue.  However, Plaintiff offers no evidence to support these conclusory arguments, which are just allegations unsupported by admissible evidence.  Vance v. Ball State University, 646 F.3d 461, 475 (7th Cir. 2011)("We have repeatedly said that a 'nonmoving party cannot defeat a motion for summary judgment with bare allegations.'")(quoted cite omitted).  At this point Plaintiff needs to show what admissible evidence would allow a rational juror to find in his favor.  He has not done so.

   Accordingly, summary judgment must be granted to Defendants Brents, Durr, Strayer, and Williamson.  The other Defendants have not moved for summary judgment.  In order to ensure that justiciable issues exist for trial, the parties will have an opportunity to file a supplemental summary judgment motions. The final pretrial conference and trial will be rescheduled in order to allow time for

supplemental summary judgment motions.

IT IS THEREFORE ORDERED:

 1) The motion for summary judgment by Defendants Brents, Durr, Strayer and Williamson is granted (d/e 65).  Defendants Brents, Durr, Strayer and Williamson are terminated.

 2) Supplemental summary judgment motions are due February 28, 2013.

 3) The final pretrial conference is rescheduled to August 12, 2013 at 1:30 p.m. by personal appearance of counsel.

 4) The jury trial is rescheduled to September 3, 2013 on the Court's trailing trial calendar.  The actual date for the trial will be determined at the final pretrial conference.

ENTERED: December 17/2012

FOR THE COURT:

     **s/Sue E. Myerscough**
     SUE E. MYERSCOUGH
     UNITED STATES DISTRICT JUDGE